MEYERS LUMBER CO., INC., Plaintiff, *v.* WAYNE MACHINERY CO., INCORPORATED, Defendant.

Supreme Court, Niagara Special Term, June 17, 1924.

Carriers — merchandise rejected on arrival — railroad protected from attachment of goods in its possession under Personal Property Law, § 210, and Federal Bill of Lading Act, § 23, until bill of lading has been surrendered or impounded by court — warrant of attachment set aside where there is nothing to show bill of lading has been surrendered.

Section 210 of the Personal Property Law and section 23 of the Federal Bill of Lading Act (39 U. S. Stat. at Large, 542, chap. 415) protect railroad carriers from attachments of merchandise in their possession until the bill of lading is surrendered or impounded by the court.

Accordingly, a motion by the carrier, engaged to transport a quantity of merchandise, to vacate and set aside a warrant of attachment directed against the merchandise while the same was in the carrier's possession, after it was rejected by the buyer on arrival, will be granted where there is nothing to show in the moving papers upon which the attachment was issued that the bill of lading has been surrendered to the carrier by any person authorized to make a surrender under circumstances which would relieve the carrier from responsibility for failure to deliver the goods described in the bill of lading, since, until that fact appears affirmatively, issuance of the warrant is illegal and void.

MOTION by the New York Central Railroad Company to vacate and set aside a warrant of attachment.

*Roderick H. MacGregor*, for the plaintiff.

*Rann, Vaughan, Brown & Sturtevant*, for New York Central Railroad Company, for the motion.

PIERCE, J. The defendant shipped from Fort Wayne, Ind., to the plaintiff at North Tonawanda, N. Y., a quantity of merchandise. Upon the arrival of the goods the same were rejected or refused, sight draft attached to the bill of lading was not paid, and the goods were ordered returned to Fort Wayne, Ind., by the agent of the New York Central Railroad Company at Fort Wayne, he stating that he had the bill of lading with instructions to have the goods returned.

The goods were at all times and now are in the possession of the New York Central Railroad Company which, for hire, transported the goods.

The plaintiff obtained an attachment and directed the sheriff to levy upon the merchandise so shipped while the same was in the possession of the railroad company and after the same had been ordered returned to Fort Wayne, Ind. The sheriff, pursuant to the direction of such warrant, attached the property so shipped, or some part thereof, and the railroad company obtained an order to show cause why the attachment should not be set aside and it permitted to return the goods to Fort Wayne, pursuant to the directions given.

Section 210 of the Personal Property Law and section 23, chapter 415 of the act of Congress known as the Federal Bill of Lading Act (39 U. S. Stat. at Large, 542) seem to protect carriers from attachments of goods in their possession until the bill of lading is surrendered or impounded by the court. There is nothing in the moving papers upon which the attachment was issued showing that the bill of lading has been surrendered to the carrier by any person authorized to make a surrender under circumstances which would relieve the carrier from responsibility for failure to deliver the goods described in the bill of lading, and until that fact affirmatively appears. I think a carrier is protected by these two provisions

of law that the warrant of attachment was improperly issued and the attachment thereunder illegal and void. Both the Personal Property Law of the state and the act of Congress above referred to seem to make that point clear, and the case of *Salant* v. *Pennsylvania Railroad Co.*, 188 App. Div. 851, seems to sustain that interpretation.

The statement of the agent of the carrier at Fort Wayne, that he has the bill of lading, together with his direction to return the goods, does not show or imply that the same were delivered to him by any person having authority to relieve the railroad company for a failure to deliver the goods to the shipper or to account for their value. Warrant of attachment should be set aside.

Ordered accordingly.